BIRDY. B. POST, Appellant, v. CHICAGO, BURL-
INGTON & QUINCY RAILWAY COMPANY,
Respondents.

**Kansas City Court of Appeals, November 5, 1906.**

1. **MASTER AND SERVANT: Place of Work: Implements.** A
common laborer was cutting weeds on the face of a slope in
a cut with a common scythe and was injured by the scythe fail-
ing to cut a large weed and pulling it over into his face. *Held,*
the master was not required to furnish a level right of way to
cut the weeds, nor to furnish any particular kind of imple-
ment only such as are reasonably suited to the use the ser-
vant is required to make of them.

2. ——: ——: ——: **Scythe: Judicial Notice.** Simple un-
iversal tools such as a common scythe are matters of common
knowledge about which reasonable minds do not differ and are
a subject of which courts may take judicial notice.

Appeal from the Caldwell Circuit Court.—*Hon. Joshua
W. Alexander,* Judge.

AFFIRMED.

*J. H. Wise* for appellant.

(1) Section 592, R. S. 1899, requires "a plain
and concise statement of the facts constituting the cause
of action. Section 610 requires that "only substantive
facts necessary to constitute the cause of action" shall
be stated. Section 676 declares it to be the duty of the
court "to distinguish between form and substance."
Section 659 provides that the court must "disregard any
defect in the pleading which shall not affect the sub-
stantial right of the adverse party." Section 629 pro-
vides that "in the construction for the purpose of de-
termining its effect, its allegations shall. be literally con-
strued with a view to substantial justice between the
parties." The petition sufficiently states a cause of ac-

tion against the defendant. Young v. Iron Co., 103 Mo. 342; Seckenger v. Mfg. Co., 129 Mo. 590; McMullin v. Railroad, 60 Mo. App. 231; Bugler v. Booth, 43 Mo. App. 44; Stillwell v. Hamm, 97 Mo. 579; Ackeman v. Green, 93 S. W. 260. (2) It is the duty of the master to furnish for the use of his servant, while in the course of his employment, appliances and instruments proper, safe, and suitable for the purpose for which they were furnished, and for the performance of the service required; and this rule extends to and embraces any instrument or appliance, animate as well as inanimate. McCready v. Stepp, 104 Mo. App. 340; Lee v. Railroad, 112 Mo. App. 392; Fouts v. Swift & Co., 113 Mo. App. 531; Warner v. Rock Island, 62 Mo. App. 192; Eads v. Gains, 58 Mo. App. 594. (3) A demurrer admits all the allegation in the petition for purpose of testing its sufficiency. Hill v. Gould, 129 Mo. 106; Hallock v. Brier, 80 Mo. App. 331.

*O. M. Spencer, N. O. Borders* and *William Henry* for respondents.

(1) In actions of negligence it is necessary at least to make proper averments specifying the act, the doing of which caused the injury, and to allege that the act was negligently done. Thompson on Negligence, 1246; Mack v. Railroad, 77 Mo. 234. (2) As a general rule negligence is an omission of duty (Swineford v. Franklin County, 73 Mo. 283), and when the negligence counted on is a breach of duty, the facts out of which the duty arises must be pleaded. Field v. Railroad, 76 Mo. 614, and cases there cited in appellant's brief. (3) In all actions grounded on negligence a causal connection between the negligence and injury must be alleged (Goransson v. Mfg. Co., 186 Mo. 307), and no recovery can be allowed on any theory of fact as to the natural or physical cause of the injury other than the cause alleged. Behen v. Transit Co., 186 Mo. 330.

JOHNSON, J.—Action to recover damages resulting from personal injuries alleged to have been caused by the negligence of defendant. A demurrer to the petition was sustained by the trial court on the ground that the facts stated constitute no cause of action and plaintiff appealed. The facts pleaded, in substance, are as follows: Plaintiff, a common laborer employed by defendant, a railway company, while engaged in the task of cutting weeds on defendant's right of way struck the stalk of a large weed with the cutting edge of the scythe he was wielding. The blow failed to sever the stalk and its force was communicated to the weed causing the latter to sway towards plaintiff and strike him a violent blow in the face. The sight of his left eye was completely destroyed and that of his right eye permanently impaired. It is alleged that plaintiff was working under the direction of defendant's foreman and the specific acts of negligence charged are the failure of defendant to employ reasonable care to furnish plaintiff a reasonably safe place in which to work and to provide him with a reasonably safe tool with which to work. The place where the act was performed was "on a slanting bank on said railroad and right of way;" the weeds being cut were "what is commonly known as gum weeds which had grown . . . so large that one stroke of the scythe would not cut one of said weeds;" and the tool employed was an ordinary scythe which was free from defects either patent or latent. We gather from the averments of the petition that the pleader predicates the action on the theory that a common scythe was an unsuitable tool to use in the cutting of such weeds in the place described and therefore that defendant was negligent in providing plaintiff with that implement for that purpose.

The demurrer was properly sustained. The facts pleaded disclose that defendant was guilty of no negligence. Railroads run through cuts and over embank-

ments and necessarily have slanting banks along the right of way. Weeds of various kinds grow on such places and must be cut. Defendant's duty as a master did not require it to furnish plaintiff with a smooth and level right of way on which to cut weeds, nor to furnish him with any particular kind of implement. A master in the exercise of reasonable care is not compelled to provide the servant with the newest, safest and best appliances, but only with such as are reasonably suited to the use the servant is required to make of them. [Mathis v. Stock Yards Co.; 185 Mo. 434.]

A scythe is a simple tool used by mankind from remote ages to the present for the cutting of grass, grain and weeds and it would be absurd to treat as an issue of fact the propriety of its use for such purposes on any kind of ground where the mower could stand. The uses of such simple, universal tools, being a matter of common knowledge about which reasonable minds do not differ, are a subject of which courts may take judicial knowledge.

Plaintiff's unfortunate injury obviously was not caused by the insufficiency of the tool, but by his manner of delivering the stroke. The case is so plain that further discussion would be superfluous. The judgment is affirmed. All concur.