## Pickergill v. Nelson Creek Coal Company.

(Decided December 2, 1913).

### Appeal from Muhlenberg Circuit Court.

Master and Servant—Simple Appliance Doctrine.—Where an experienced servant of mature years is injured by the coming loose of the fastening on a hames, he cannot recover damages from the master when it is shown that the servant put the hames and harness on the mule and saw and knew, or could have known of the unsafe or unsuitable condition of the contrivance by which the hames were fastened.

ERNEST WOODWARD, M. L. HEAVRIN for appellant.

HELM BRUCE, BROWDER & BROWDER and TAYLOR & EAVES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Pickergill, sustained personal injuries while employed as a driver for the appellee coal company in its coal mine. The injury was caused by the fastening of the hames on the mule that appellant was driving coming loose.

The petition averred "that the harness on the mule furnished him to drive was old, insecure and dangerous; that plaintiff did not know of such condition, or such danger, and was not under any obligation to inspect said harness, or any of it, and could not have discovered the defects or danger by the exercise of ordinary care in his employment, but the defendant did know thereof, or might have known thereof by the exercise of ordinary care, and the defendant did not warn the plaintiff or instruct him of the condition of said harness, or the danger arising from the use thereof, and the plaintiff says

that while he was engaged in driving said mule, and while he was acting within the line of his employment, and while he was exercising ordinary care for his own safety, the said harness fell apart, broke or became undone, precipitating the plaintiff in front of the moving car.''

The answer was a traverse and plea of contributory negligence.

The evidence for the plaintiff shows that he was thirty-six years old and had been working in and about coal mines for many years, and had often driven mules in mines. The plaintiff testified that on the morning of the day he was injured he put the hames and other harness on the mule. That he was sitting on the front end of the car driving the mule without lines, with his hands resting on the hips of the mule, when the gear came off and the mule walked away from the car, causing him to fall from the place where he was sitting to the track. It further appears from his evidence that the hames were fastened at the bottom with two short chains attached to each end of the hames and that this fastening came loose thus letting the mule walk out of the harness. One of these chains had a hook on the end of it and the hames were fastened by placing this hook in the end of the chain on the other hame and then slipping a ring over the hook to hold it in place.

Other witnesses testified that previous to this time they had used these hames on mules and had called the attention of the mine boss to the fact that the fastening at the bottom of the hames would come loose as it did when the plaintiff was injured.

Upon the conclusion of the evidence, the trial court directed a verdict for the defendant coal company, and the plaintiff appeals.

The appellant was an experienced driver of mature years, and when he put the harness on the mule could not well have failed to discover and fully understand the condition of the simple contrivance by which the hames were fastened. It is of course the duty of the master to exercise ordinary care to furnish the servant reasonably safe appliances with which to work, but there are some appliances so simple in their arrangement and make-up that the servant who voluntarily uses them must exercise at least ordinary care to protect himself from injury on account of any open and obvious defect in their condition.

It is also the general rule that the duty of inspection is not imposed on the servant but when an experienced servant voluntarily and without any assurance of safety undertakes to work with a simple tool or contrivance he cannot shut his eyes to the appearance of the obvious things immediately before him and say he did not see or know the conditions that existed.

Here we have in the complaining party a man of mature years, experienced in driving teams and in the use of hames and harness. To a man thus experienced there is scarcely anything simpler than the manner in which hames are fastened. If the contrivance by which they were fastened was not safe or suitable or was likely to come loose, he could not well have failed to see and know it when he put the harness on; but he made no complaint or objection to its use.

Under these circumstances, the fact that the attention of the employer had been previously called to the insufficiency of the fastening cannot aid the appellant, because he knew as well as the employer did whether the fastening was suitable.

In cases like this the knowledge of the master of the defective or unsafe condition of the appliance only becomes material when it is necessary to bring home to him notice of conditions that it was his duty to know or that he could have known in the exercise of ordinary care and that it was not the duty of the servant to know and that he could not have known of by the exercise of ordinary care.

The doctrine of assumed risk we have very sparingly applied and generally the question of contributory negligence is for the jury, but there are cases in which the servant must be deemed to have assumed the risk, and also cases in which his contributory negligence is so apparent that it becomes a question of law for the court, and we think the case we have falls well within this class. Stirling Coal Co. v. Fork, 141 Ky., 40.

Wherefore, the judgment is affirmed.