## WAUSAU SOUTHERN LUMBER CO. v. COOLEY.

### [94 South. 228.  No. 22784.]

MASTER AND SERVANT.  *Safe tool rule inapplicable to simple tool.*
> The rule that the master must exercise reasonable care to furnish a servant with safe tools and appliances is not applicable to such simple tools as an ordinary ax, where the servant possesses ordinary intelligence and knowledge, and the tools furnished are of a simple nature and easily understood, and in which defects can be readily observed by the servant.

APPEAL from circuit court of Wayne county.
HON. J. D. FATHEREE, Judge.

Suit by E. W. Cooley against the Wausau Southern Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed, and judgment for defendant.

*Smiths, Young, Leigh & Johnston* and *Wm. Edwards,* for appellant.

Practically all of the courts have held that tools like an axe are simple tools. The following tools have been held simple tools: A hammer is a simple tool. *Webster Mfg. Co.* v. *Nesbitt,* 68 N. E. 936; *Lynn* v. *Glucose Sugar Refining Co.,* 104 N. W. 577; *Golden* v. *Ellis,* 71 Atl. 649; *Dompier* v. *Lewis,* 91 N. W. 152; *Koschman* v. *Ashe,* 116 Am. State Reports, 373; *Rahm case,* 108 S. W. 570; *Martin case,* 83 Am. State Reports, 671; *Meyer case,* 13 L. R. A. (N. S.) 684. A wedge is a simple tool. *L'Hara case,* 171 Fed. 394. A wrench is a simple tool. *Garnett case,* 98 Fed. 192; *O'Brien case,* 82 S. W. 319. A chisel is a simple tool. *Fordyce case,* 22 S. W., 161; *Banks case,* 55 S. E. 939; *Demato case,* 67 Atl. 28. A crowbar is a simple tool. *Adams case,* 88 N. E. 355; *Miller case,* 88 N. W. 758. A pick is a simple tool. *Lehman case,* 122 B. W. 1059. A shovel is a simple tool. *Sterling Coal & Coke Co. case,* 40 L. R. A. (N. S.) 837. A scythe is a simple tool. *Post. case,* 97 S. W. 233.

We, therefore, respectfully submit that an axe comes within the category of the above class of instruments, and that it is to be classed as a simple tool.

Question Number Two. Under this question there is presented to the court for the first time, so far as we can ascertain after a diligent search, the question as to whether or not the master is liable for a defect in a simple tool which results in injury. To our mind, the harm which would result from holding the master liable for a defect in a simple tool would be very great. The farmer who uses an axe, shovel, pitchfork or any other instrument would be liable to his farm hand for a defect therein, if he had knowledge of the defect. The personal injury law would be carried to a point *ne plus ultra,* and would produce inevitable harm, when its original purpose was to afford to an injured person a charitable and judicious remedy. Some of the courts of the Union have denied the right to recover in such a case. In the case of *McMillan* v. *Minetto Shade Cloth Company,* 117 New York Supplement, page 1081, the appellate division of New York held that a master was not liable for damages to an employee resulting from the use of a simple implement.

In the case of *Sterling Coal & Coke Company* v. *Faulk,* 131 S. W. 1030, the supreme court of Kentucky in practically the same case as the case at bar, held that "where plaintiff, a man of mature years and ordinary intelligence was employed to shovel slack into a coal car, and given a shovel which had been used by others for that work, and where he discovered that the round wooden piece on the shovel handle was cracked so that the wood revolved on the iron rod running through the handle and where he stated to the foreman that he did not want to use the shovel, but the foreman told him to use it and he would get him another, and where plaintiff's thumb was pinched by the crack in the handle, causing blood poison, it was held that even if the injury was caused by the defective shovel handle, the shovel as well as its use was so simple that the employer could not be charged with liability, the

employer not being liable for defects in simple tools which can be readily detected and repaired." The same thing practically was held in the case of *Lynn* v. *Glucose Sugar Refining Company,* 104 N. W. 577.

While we admit that there are authorities holding contrary to these cases, yet we insist that the master ought not to be liable for injury resulting from defect in a simple tool, such as an axe.

*W. J. Pack,* for appellee.

1. Is an axe a simple tool? So far as we can ascertain this point has never been judicially determined.

2. Is the master liable for a defect in a simple tool where injury results from its use? The case upon which appellant seems to rely most in his contention that the master should not be held liable is that of *Sterling Coal & Coke Company* v. *Fork,* 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837. It is true that the court held that in this case the master was not liable, but toward the close of the opinion, the court recognized and emphasized the fact that it would be impractical and unjust to attempt to lay down any hard and fast rule and that each case of this kind must be decided on its individual merits.

We have made a diligent search of the authorities on the question and we find that the great majority of the courts that exempt the master from liability for defects in simple tools, do so, either upon the ground of assumption of risk or else the ground of contributory negligence on the part of the servant.

Under our statutes, neither of these defenses can serve to bar recovery by the servant, assuming of course that the master has been negligent. (Contributory negligence —Section 502, Hemingway's Code; *Tallahala Lumber Company* v. *Holliman,* 87 So. 661; *Davis* v. *Elzee,* 88 So. 639; *Brahan* v. *Meridian Light and Railway Company,* 83 So. 467. For assumption of risk see section 504, of Hemingway's Code.)

So far we have discussed this question as a general proposition of law and without reference to the holding of this court. In the case of *Parker* v. *W. C. Wood Lumber Company,* 54 So. 252, this court reviewed some of the principal authorities on this point and finally arrived at the conclusion that this whole matter of injury from the point of "simple tools" resolved itself into a question of contributory negligence.

Nor does this court stand alone in assuming this attitude. In *Tibbs* v. *Deemer Manufacturing Company,* 104 C. C. A. 488, 182 Fed. 48, the master was held liable for furnishing defective tongs for handling logs, without any discussion of the simple tool rule.

In *Atchison T. & S. F. R. Co.* v. *Lannigan,* 56 Kansas, 109, 42 Pac. 343, a brakeman was allowed to recover for injuries caused by his lantern smoking so that it gave a very dim light. No mention is made of the simple tool rule.

In *Warren* v. *Chicago R. I. & R. R. Co.,* 62 App. 184, note, 3 Labatt's Master and Servant (2 Ed.) page 2484, it was held that the fact that the defective appliance was a simple tool like a ladder was merely a circumstance to be considered with other facts in determining the negligence of the master and the contributory negligence of the servant.

In the light of this court's decision in the *Parker case, supra,* we submit that the most that can be charged against plaintiff's rights in the case at bar, is that he was guilty of contributory negligence and under our statute, even if this were true, it could not serve as a complete bar to his recovery.

But we earnestly contend that plaintiff was not guilty of the slightest contributory negligence. We submit that counsel in stating this position relative to the master's liability for injury resulting from a defective simple tool, has overlooked the vital point in this case. It seems to us that the question should be stated as follows: Is the master liable for the defect in a simple tool, where injury results from its use, after the servant has discovered the defect,

has shown it to the master, or his agent, and has been given specific instructions by the master or his agent, to continue to use the defective tool? This is exactly what happened in the case at bar.

We respectfully call the attention of the court to the case of *Southern Kansas R. Co.* v. *Croker*, 41 Kas., 747, 13 Am. St. Rep. 320, 21 Pac. 785, annotated in 13 L. R. A. (N. S.) 672, and note, in which an employer was held to be guilty of negligence in furnishing a stone hammer with a crooked handle, and in requiring plaintiff, who was injured by a flying bit of stone while breaking a rock for ballast, to continue to use it after complaint to the foreman of its condition.

Another case in point is *Missouri K. & T. R. Co.* v. *Puckett*, 62 Kas. 770, 64 Pac. 631 annotated in 13 L. R. A. (N. S.) 670, and note, in which the "simple tool rule" was held inapplicable where the complaining servant has been told by his foreman to continue to use the defective tool.

While we admit with counsel for appellant that the authorities are somewhat in conflict upon this point, we submit that reason and justice demand that the employer be held liable where he deliberately and with full knowledge as in the case at bar, instructs his employee to use a defective and dangerous tool.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was employed by the appellant in the capacity of cutting and sawing logs; appellant being engaged in the manufacture of lumber. The appellee was injured by the use of an ax which had a defective handle. He had used the ax for some days, and had returned it to the shop to have it rehandled, but for some reason it was not rehandled on the morning in question, when the injury occurred, and the ax which had been furnished as a temporary substitute was light and did not suit the plaintiff. On the morning of the injury plaintiff was told by the foreman in charge to take the ax with the defective handle and

use it until some other arrangement could be made. He carried the ax into the forest, and in sawing a log the saw became cramped, and it was necessary to cut the log on the under side. The plaintiff made a stroke with the ax, and it glanced, and struck his ankle, inflicting an injury for which this suit was brought. The condition of the ax was apparent and was known prior to the injury to the plaintiff. Suit was brought upon the theory that the appellant was liable for the injury because of its failure to furnish the plaintiff with a safe ax with which to work.

The first assignment of error is the refusal of a peremptory instruction for the defendant, and, as the refusal of this instruction presented for consideration the question as to whether the appellant was liable because of furnishing a defective simple tool, and inasmuch as we reached the conclusion that an ax is a simple tool, and that the master is not liable to the servant for furnishing a simple tool which is patently defective, it will be unnecessary to consider the other assignment of error.

In *Stirling Coal & Coke Co.* v. *Fork,* 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837, it was held that a master is not liable for injury to a servant through the use of an ordinary shovel furnished by the master, the round wooden piece at the top of the handle of which is cracked so that it revolves on the iron rod which supports it and pinched his hand, causing a wound which was followed by blood poisoning. At 141 Ky. 41, 131 S. W. 1031, 40 L. R. A. (N. S.) 858, the court, in discussing liability of a master in reference to simple tools, said:

"It must be recognized by every one that the rule of safe tools and appliances should not be extended to every tool and every appliance that is used by laborers and servants in the ordinary everyday affairs of life. There are few persons engaged in employments of any kind who do not at some time or in some way use implements or tools (using these words in their broadest sense) in the performance of their duties or services. Some of these tools and implements are of the simplest character, and are used in the

simplest way, and in the performance of labor or service that is free from danger. There is nothing complicated about many of them, and their nature is such that any person of ordinary intelligence can at once use them without instructions or assistance. It often happens that they get out of repair or become defective by use; but the defects are patent to any person who handles them, and generally can be easily and quickly repaired by the servant who is using them. Implements and tools like these are used in the house, on the farm, and in fact everywhere. They embrace the utensils of the kitchen, many articles used in the ordinary household duties, as well as hoes, rakes, spades, and other like implements in common and daily use on every farm; and it would be going far beyond the reason of the safe appliance doctrine to extend it to a coffee pot with a loose handle, in the ordinary household kitchen, or to a house broom with a splintered handle, or a kitchen hatchet that was dull, or a garden hoe that was broken, or a farm spade that was out of repair, or other implements quite as simple in their make and use. If the servants in every possible field of labor should be protected by this rule, and have the right to seek damages in the courts for the most trifling injury suffered in the ordinary and usual use of these simple things, the master in every state of case that can be imagined would be held accountable for accident or injury, and thus a useful and valuable rule would be converted into a constant source of vexation and apprehension. The further effect would be to encourage servants to be entirely indifferent to their own safety, and furnish them an ever present incentive to litigation; and so we think the line where nonliability begins in a case like this ought to be, in the very reason of the thing, fixed at some place, for to carry the doctrine of liability everywhere, and enlarge it to embrace everything, would verge on the ridiculous."

In the case of *Vanderpool* v. *Partridge,* 79 Neb. 165, 112 N. W. 318, 13 L. R. A. (N. S.) 668, it was held by the Nebraska court that the requirement that the master exercise

ordinary care to provide reasonably safe tools and appliances for his servant had no application where the servant possesses ordinary intelligence and knowledge, and the tools and appliances furnished are of a simple nature easily understood, in which defects can be readily observed by said servant. In the case note to the L. R. A. report the learned editor of that series in the beginning of the note says:

"The rule of *respondeat superior* rests upon the assumption that the employer has a better and more comprehensive knowledge than the employee, and therefore ceases to be applicable where the employee's means of knowledge of the danger to be incurred is equal to that of the employer. Such is the case where the instrument or tool the defect in which is the cause of the injury is of so simple a character that a person accustomed to its use cannot fail to appreciate the risks incident thereto."

Many authorities upon the subject are collected in the case note to 13 L. R. A. (N. S.) 668 et seq., and the case note to *Parker* v. *W. C. Wood Lumber Co.,* 98 Miss. 750, 54 So. 252, 40 L. R. A. (N. S.) 832 et seq., and 3 Labatt on Master & Servant, section 924 (a), and notes. See, also, *McMillan* v. *Minetto Shade Cloth Co.,* 134 App. Div. 28, 117 N. Y. Supp. 1081; *Lynn* v. *Glucose Sugar Ref. Co.,* 128 Iowa, 501, 104 N. W. 577; *Cregan* v. *Marston,* 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854; *Mathis* v. *Stockyards Co.,* 185 Mo. 435, 84 S. W. 66; *Post* v. *C., B. & Q. R. Co.,* 121 Mo. App. 562, 97 S. W. 233; *House* v. *So. R. Co.,* 152 N. C. 397, 67 S. E. 981; *Dunn* v. *So. R. Co.,* 151 N. C. 313, 66 S. E. 134.

In order to predicate liability in the suit against the master for personal injury, there must be some negligence upon the part of the master which causes the injury. The master is not under duty, as regards a mere simple tool, to furnish a servant with a safe tool; the servant's knowledge and judgment in such case being equal to that of the master. There are some authorities to the contrary, but we

are of opinion that the authorities in accord with our hold-ing are the better and sounder cases.

The appellee quotes from *Parker* v. *Wood Lumber Co.,* 98 Miss. 750, 54 So. 252, 40 L. R. A. (N. S.) 832, an expres-sion:

"Even in the case of a simple tool, the question comes to this: Did the servant know of the defect in the tool, or ought he to have known of it by the use of ordinary care? The doctrine so called does not seem to us to be any new doctrine, properly considered, but merely a new application of the very old doctrine of contributory negligence."

In that case the court held that the tool was not a simple tool, and the decision was based upon that conclusion, and the expression quoted is mere *dictum.* A careful exam-ination of the law upon the subject convinces us that the master is not under any duty to the servant as to furnish-ing a safe tool in the case of such a simple tool as the one in the case at bar, and, being under no duty, there can be no breach of duty, and hence no liability resulting there-from.

The judgment will be reversed, and judgment here for appellant.

*Reversed, and judgment here.*