ALLEN GRAVEL CO. *v.* YARBROUGH.

(In Banc. Dec. 10, 1923.)

[98 South. 117. No. 23239.]

MASTER AND SERVANT. *Employer not liable for injuries from use of simple tool; statute as to assumption of risk inapplicable in case of simple tool.*

In order to predicate liability against a master for personal injury to the servant, there must be some negligence on the part of the master which results in injury. The master is not under duty, as regards simple tools, to furnish the servant with a safe tool; the servant's knowledge and judgment in such case being equal to that of the master. Section 504, Hemingway's Code, does not apply to such case, as there is no negligence of the master.

SMITH, C. J., and HOLDEN, J., dissenting.

APPEAL from circuit court, of Tishomingo county.
HON. C. P. LONG, Judge.

Suit by Dan Yarbrough against the Allen Gravel Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*T. A. Clark, Charles L. Neely* and *J. A. Osoinach,* for appellant.

It is the contention of the appellant that the court should have sustained the motion for peremptory instruction for the defendant, and that section 504, Hemingway's Code, has no application to the case at bar for the reason it has not been shown that the defendant was guilty of any negligence.

We take the position that the wrench used by the plaintiff when he was injured was a simple tool and that plaintiff possessed ordinary intelligence and knowledge, and that wrench furnished if defective was easily understood by the plaintiff and his knowledge of the defect in the tool and using the same with this knowledge is not negligence on the part of the master.

In 18 R. C. L., page 563, paragraph 74, we find the following statement of the law laid down relative to simple tools: "Where the tool is simple in construction, so that defects therein can be discovered without special skill or knowledge, and without intricate inspection, the servant is as well qualified as any one else to detect defects and to judge of the probable danger of using such tool while defective; and, the tool being in the possession of the servant, his opportunity for inspection is better than that of the master."

In the case of *Wausau Southern Lumber Company* v. *Cooley,* 94 So. 228, is a case exactly in point with the case at bar, in which the appellee was injured by the use of an ax which had a defective handle. He had used the ax some days, and had returned it to the shop to have it rehandled, but for some reason it was not rehandled on the morning in question, when the injury occurred and the ax which had been furnished as a temporary substitute was light and did not suit the plaintiff. On the morning of the injury plaintiff was told by the foreman in charge to take the ax with the defective handle and use it until some other arrangements could be made. The condition of the ax was apparent and was known prior to the injury to the plaintiff. Suit was brought upon the

theory that the appellant was liable for injury because of its failure to furnish plaintiff with a safe ax with which to work.

The assignment of error considered in the *Wausau Southern Lumber Case, supra,* was the refusal of the court to grant the peremptory instruction asked by the defendant, and as the refusal of this instruction presented for consideration the question as to whether the appellant was liable because of furnishing a defective simple tool, and that the master is not liable to the servant for furnishing a simple tool which is patently defective.

The court in deciding the Wausau Lumber Case above referred to, called attention to what the court of Kentucky held in the case of *Stirling Coal & Coke Company* v. *Fork,* 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837, that a master is not liable for injury to a servant through the use of an ordinary shovel furnished by the master the round wooden piece at the top of the handle of which is cracked so that it revolved on the iron rod which supports it and pinched his hand, causing a wound which was followed by blood poisoning. In the same case the court discussed fully the liability of the master in reference to simple tools.

The court held in the Wausau Lumber case that: "In order to predicate liability against the master for personal injury, there must be some negligence upon the part of the master which causes the injury. The master is not under duty, as regards a mere simple tool, to furnish a servant with a safe tool; the servant's knowledge and judgment in such case being equal to that of the master."

The case of *Bear Creek Mill Company* v. *Fountain,* 94 So. 230, was a case of a defective chisel which sloughed off, injuring the plaintiff and the court held that on the simple tool proposition this case comes within the authorities reviewed and announced in the opinion handed down in *Wausau Southern Lumber Company* v. *Cooley.*

So it is a reasonable conclusion that if the master is not liable for injury for the furnishing of a defective simple tool then there can be no negligence on the part of the master for furnishing a defective simple tool which is patent, and which is known by the servant to be defective, more especially when the servant is an old experienced man with tools of the kind with which he was injured, and therefore section 504, Hemingway's Code, could not apply because the master was not guilty of any negligence.

*J. A. Cunningham,* for appellee.

We join issue with the appellant and contend that the trial court ruled correctly in submitting the matter as a question of fact for the jury and the jury properly found for the plaintiff, and the judgment should be sustained.

In the first place one of these large wrenches with a long handle, to handle heavy bolts on a railroad track is necessarily a more or less complicated instrument. It is shown by the evidence of the appellee that this wrench was in bad condition, and it is shown by him that Mr. Howard, foreman, knew the wrenches were in a bad fix, and said that something must be done or get some new ones. Appellee claimed to be working under direct orders of his foreman, and claimed to be exercising every care possible for his safety. So this man's evidence clearly shows that these wrenches were old and worn, that the metal was soft, and that they were dangerous for a man to work with.

We think there are two reasons why the appellee's knowledge of this danger would not bar him from recovery: 1st, he was under the orders of his superior; 2nd, both the assumption of risks on the part of employees and the old rule of contributory negligence have been abolished as a complete bar to recovery where there is any negligence on the part of the master. This cause was

submitted properly to the jury to pass upon, and presented the proper theory of comparative negligence, and the appellant has no right to complain.

This court held in *Parker* v. *Wood Lumber Company,* 54 So. 252, that a cant hook does not come in the class of simple tools and brings a clear distinction between it and the chopping ax referred to in the *Wausau case,* 94 So. 228.

Let us compare for a minute the mechanical principle involved in a track wrench and the cant hook. The Parker case shows that the cant hook is a tool having a handle of some feet length which is, in the principle of mechanics, the lever. The log sought to be turned is the base, and the hook that catches hold of the log serves as a fulcrum. This mechanical instrument is operated by applying the weight and strength of the human body. This jeopardizes the body in case of a slip so as to make of the cant hook too dangerous a tool to be classed with the simple tools. Now take the track wrench for comparison. It has for a base the tap on the heavy bolts of this track, and for a fulcrum the jaws of this heavy, ponderous wrench, and is operated by applying the weight and strength of the body to the lever, just in the same manner and with the same risk, and involving the same mechanical principles as a cant hook. In other words both of these instruments involve the very same mechanical principles and are used in exactly the same posture and application of the body, and involve the same nature of risk. So the track wrench from the very nature of it's construction and use cannot be considered a simple tool, just as in the case of the cant hook.

While there is a strong controversy about the condition of the tool between the witnesses of the appellant and those of the appellee, the jury adopted for the truth the evidence showing that the tool was known to be defective by appellant.

Argued orally by *T. A. Clark* for the appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff in the court below, and brought suit for a personal injury, alleging that at the time of the receipt of the injury he was employed by the defendant company as track repairer, and as such he was ordered to take a certain wrench and put in some bolts in haste that the engine might pass over the frog without delay, and that said company negligently furnished him with a defective wrench with which to perform the work, and this and other wrenches were defective and dangerous because they were of soft material, and worn, and would slip when tightened on a nut and power applied, and that while performing his task in this instance the wrench slipped and threw the plaintiff on the rails because of the said defective condition, etc., broke his leg, and ruptured him.

The appellee's duty or employment was on the railroad track over which the appellant operated cars of gravel. The track wrench is a tool of some length, with an opening at the end which fits over the nut of the bolt for the purpose of tightening or loosening the nut. The opening in the track wrench referred to is practically a parallelogram, with both angles equal, and surrounded except at the end with iron, which composes the wrench. In use this wrench sometimes wears, and sometimes will spring or yield to the pressure, and become wider at the end than at the upper part of the opening; and the proof shows in this case that the wrench being used at the time the injury was received had become worn and sprung so that it would slip or was liable to slip when force was applied on the lever of the bar for the purpose of tightening or loosening the nut. According to the proof for the plaintiff, there was a dispute as to the condition of the wrench on the part of the appellant, but, as the jury found for the appellee, the testimony of the appellee as to the condition of the wrench must be accepted as true for the pur-

133 Miss.—42

poses of this appeal. The plaintiff's proof also showed that the iron of which the wrench was composed was soft, and also showed that both the plaintiff and the foreman of the appellant had knowledge of the condition of the wrench.

The appellant presents as his assignment of error that he should have had a peremptory instruction on the theory that the wrench was a "simple tool," and that there was no negligence on the part of the master in furnishing a "simple tool," and that consequently there was no breach of duty upon which the negligence could be predicated. Is the track wrench above described a "simple tool"? In our opinion it is. The wrench above described is as simple as the ordinary wrench used in the common and simple affairs of life, such as sewing machine wrench, wagon or buggy wrenches, or similar wrenches used for loosening or tightening nuts. In our view the tool is very simple. Its condition may be seen at a glance. The slightest inspection will disclose its condition. There is no complication whatever about it. The fact that the wrench was used in an employment which was not common to all persons makes no difference in this respect. It is true that it is larger than the ordinary tool used around a household, but its principle of construction is no different, and the only difference is that a great force is to be used and applied in the case of a track wrench.

This court, in the case of *Wausau Southern Lumber Co. v. Cooley,* 130 Miss. 333, 94 So. 228, has held that the rule that a master must exercise reasonable care to furnish his servant with safe tools and appliances is not applicable to "simple tools" where the servant possesses ordinary intelligence and knowledge. In that case the court said:

"In order to predicate liability in the suit against the master for personal injury, there must be some negligence upon the part of the master which causes the injury. The master is not under duty, as regards a mere

simple tool, to furnish a servant with a safe tool; the servant's knowledge and judgment in such case being equal to that of the master. There are some authorities to the contrary, but we are of opinion that the authorities in accord with our holding are the better and sounder cases."

Again, in the same opinion, the court said: "A careful examination of the law upon the subject convinces us that the master is not under any duty to the servant as to furnishing a safe tool in the case of such a simple tool as the one in the case at bar, and, being under no duty, there can be no breach of duty, and hence no liability resulting therefrom."

In that opinion we cited a number of authorities, and quoted from some of them to show that the master was not under the duty to the servant to furnish safe tools where the tools involved were simple. One of the quotations was as follows:

"The rule of *respondeat superior* rests upon the assumption that the employer has a better and more comprehensive knowledge than the employee, and therefore ceases to be applicable where the employee's means of knowledge of the danger to be incurred is equal to that of the employer. Such is the case where the instrument or tool the defect in which is the cause of the injury is of so simple a character that a person accustomed to its use cannot fail to appreciate the risks incident thereto." *Vanderpool* v. *Partridge,* 79 Neb. 165, 112 N. W. 318, 13 L. R. A. (N. S.) 668. See note to L. R. A. report.

The case of *Bear Creek Mill Co.* v. *Fountain,* 130 Miss. 436, 94 So. 230, where the court held that the rule that the master must exercise reasonable care in furnishing the servant with safe tools and appliances does not apply to simple tools in common use, and with which the master and servant are equally familiar, and the condition of which may be easily seen. In that case the injury inflicted resulted from the use of a chisel being used to

tighten a screw which held the saw on a shafting, the chisel being struck with a hammer to apply the force necessary for this purpose, and the splinter or fleck from the chisel, being so used struck the plaintiff in the eye, resulting in a loss of vision.

The effect of these decisions is to hold that the provision of section 504, Hemingway's Code, does not apply to simple tools being used by an employee but that the rule existing prior to that statute in this state remains in force because there is no negligence on the part of the master to bring the case within the statute.

The appellant having requested a peremptory instruction, which was refused by the court below, it follows that the judgment must be reversed, and judgment rendered here for the appellant.

*Reversed and rendered.*

SMITH, C. J. (dissenting).

I am of the opinion that the judgment of the court below should be affirmed.

The so called common-law simple tool rule rests upon one or both of two very old and familiar common-law principles, to-wit, assumption of risk (3 Labatt's Master and Servant [2 Ed.], section 924a), and contributory negligence (*Parker* v. *Wood Lumber Co.,* 98 Miss. 750, 54 So. 252, 40 L. R. A. [N. S.] 832). Its basis is thus accurately stated by the supreme court of Georgia in *Williams* v. *Garbutt Lumber Co.,* 132 Ga. 221, 64 S. E. 65:

"The general rule requires a master to use ordinary diligence to furnish the servant with appliances reasonably suited to the use for which they are intended, and to use like diligence in inspecting and keeping them in proper condition for use. To this general rule some courts of other states have declared that there exists what has been denominated an exception as to 'simple tools.' The basis on which this has been placed by some

of the courts is that, where a tool or instrumentality is so entirely simple in its nature and character that its condition can be seen at a glance, or that one who uses it has as good an opportunity as the master for knowing its condition, the servant cannot recover on the ground that the master did not inspect it. In some of the decisions there is a broad announcement that the master is under no duty to inspect such simple tools. It will be found, however, that in most of the cases where this rule or exception was applied the controversy was between the master and the servant to whom he furnished the tool, and where the defect and danger were so apparent that the servant was guilty of negligence in using the tool, or where he knew of its condition, or had equal opportunity with the master for knowing it. The apparent hardship of holding the master to a high degree of diligence relatively to his servant in regard to inspecting very simple things, the condition of which must be patent to the person using them, appears also to have had weight in some instances.''

Both assumption of risk and contributory negligence have been abolished in this state as a bar to a recovery by a servant for an injury received by him because of the negligence of the master (chapter 135, Laws 1910 [Hemingway's Code, section 502]; chapter 156, Laws 1914 [Hemingway's Code, section 504]); consequently the basic principles of the simple tool rule have been removed, from which it necessarily follows that the rule itself has ceased to exist. *Parker* v. *Wood Lumber Co., supra,* which recognizes the existence of the simple tool rule, was decided before these statutes were enacted. Moreover, the defect in the tool here under consideration was known to the appellant's foreman, whose duty, it appears from the evidence, was ''to see after the tools,'' and the simple tool rule does not relieve the master of all care, but only of the duty to inspect for obvious defects. It was expressly so held in *Parker* v. *Wood Lumber Co.,*

*supra,* wherein it was said that the rule has no application "except where the defect in the tool is obvious or patent."

The cases of *Wausau Southern Lumber Co.* v. *Cooley,* 130 Miss. 333, 94 So. 228, and *Bear Creek Mill Co.* v. *Fountain,* 130 Miss. 436, 94 So. 230, were decided without any consideration of the effect of the statutes herein before referred to, and in my judgment are erroneous, and should be overruled.

I am requested by Judge HOLDEN to say that he concurs in the views herein expressed.