## MIDDLETON v. NATIONAL BOX CO.

### No. 477.

District Court, S. D. Mississippi, W. D.
February 10, 1930.

Engle & Laub, of Natchez, Miss., for plaintiff.

L. A. Whittington, of Natchez, Miss., and Brunini & Hirsh, of Vicksburg, Miss., for defendant.

HOLMES, District Judge.

A jury has been waived, and this case by consent of the parties submitted to the court for decision on the law and the facts.

The plaintiff was employed in a box factory of defendant. He claims that a chisel among other tools was furnished him by his employer with which to do his work; that the chisel was made by the defendant of material which it knew, or ought to have known, was unsuitable for the purpose, and which rendered the tool, not only defective, but dangerous, to any employee who should use it as the plaintiff was required to do in the performance of his duties. It was made of an old file, the metal being very hard and brittle, as a file should be. But a chisel should not be hard except at the cutting edge. The end which is to be struck with a hammer should be soft and malleable so that it will not chip off or break. The proper way according to the evidence to have converted the discarded file into a chisel, as every one well knew, or ought to have known, was to have put it in the fire and tempered it so that the blunt end would not be brittle. This, the plaintiff claims, was not done, and the chisel furnished was "brittle as glass." As a consequence, when the plaintiff, who was ignorant of these facts, while engaged in performing his duty of extracting nails from a box, struck the chisel with the hammer, a tiny piece of steel chipped off and lodged in his eye causing an injury which has practically destroyed the sight thereof, will undoubtedly necessitate the removal of the eyeball, and may impair the sight of the other eye.

The defendant denies either manufacturing or furnishing the tool in question, but claims to have furnished other safe and suitable tools in sufficient number.

There is no Mississippi statute applicable to the facts here shown (Allen Gravel Company v. Yarbrough, 133 Miss. 652, 98 So. 117), and consequently the case is controlled by the general law of negligence, as to which the federal and Mississippi decisions are in harmony, so far as applicable to the facts of the case before me.

They hold that in the case of simple tools the master, as a matter of law, is relieved of the ordinary duty of furnishing safe tools and appliances to the servant, and of inspecting and repairing the same when furnished.

In Wausau Southern Lumber Company v. Cooley, 130 Miss. 333–341, 94 So. 228, 229, the court says: "A careful examination of the law upon the subject convinces us that the master is not under any duty to the servant as to furnishing a safe tool in the case of such a simple tool as the one in the case at bar, [an axe] and, being under no duty, there can be no breach of duty, and hence no liability resulting therefrom."

Bear Creek Mill Co. v. Fountain, 130 Miss. 436, 94 So. 230, 231, was to the same effect, the court saying: "We think on the simple tool proposition this case comes within the authorities reviewed and announced in the opinion this day handed down in the case of Wausau Southern Lumber Co. v. Cooley, 130 Miss. 333, 94 So. 228."

In the later case of Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117, 118, the court reaffirmed the holding in Wausau Southern Lumber Company v. Cooley, supra, and quoted with approval from that case as follows: "In order to predicate liability in the suit against the master for personal injury, there must be some negligence upon the part of the master which causes the injury. The master is not under duty, as regards a mere simple tool, to furnish a servant with a safe tool; the servant's knowledge and judgment in such case being equal to that of the master. There are some authorities to the contrary, but we are of opinion that the authorities in accord with our holding are the better and sounder cases."

In the above case two justices dissented on the theory that the simple tool doctrine had been impliedly abrogated in this state by statute (Hemingway's Code Miss. 1917, sections 502 and 504), but the majority rejected this view, because "the master is not

under duty, as regards a simple tool, to furnish a servant with a safe tool."

█ It is apparent from this that the Supreme Court of Mississippi holds that the simple tool rule is not based merely on assumption of risk and contributory negligence, but has an additional fundamental basis for its existence, presumably, the public policy of not holding the master to the duty of using reasonable care to furnish safe tools of a common and simple nature. See Stirling Coal & Coke Co. v. Robert Fork, 141 Ky. 40, 131 S. W. 1030, 40 L. R. A. (N. S.) 837.

In O'Hara v. Brown Hoisting Machine Co. (3 Cir.) 96 C. C. A. 350, 171 F. 394, the court held that there is no duty to inspect common and ordinary tools such as a sledge obtained from a tool manufacturing company of high standing.

In Kilday v. Jahncke Dry Dock & Ship Repair Co. (C. C. A. 5 Cir.) 281 F. 133, the court denied liability for injuries to the eye from a defective chisel which broke from a latent defect. The negligence charged was the failure to test the chisel. The court said: "The general rule that it is the duty of the master to supply the servant with safe tools and appliances is subject to a well-established exception in case of common and simple tools and appliances. Upon the theory and for the reason that the servant has as good opportunity for ascertaining defects in simple tools, such as a chisel, as the master has, the law relieves the master of the duty which it imposes upon him, where he furnishes complicated tools or machinery for the use of his servant. We are of opinion, therefore, that the decree of the court below was correct. The cases will be found collected in notes appearing in 13 L. R. A. (N. S.) 668 and 676, and in 40 L. R. A. (N. S.) 832. See, also, 18 R. C. L. 563."

█ Conceding that the plaintiff found the chisel upon the work bench among the other tools, and that it was put there by the defendant for his use, it does not appear by whom it was manufactured, or that it was improperly tempered, or, in fact, defective, or that the defendant had any knowledge of its condition superior to that of the plaintiff. In fact, as a matter of law, the employee's knowledge of simple tools is presumed to be equal to that of the master. Where a defective tool is manufactured by the defendant out of unsuitable material, there is some dictum but no decision of the Mississippi or Federal Courts to the contrary that has come to my attention or been cited.

I do not mean to imply what my ruling should be if the defendant knowingly had manufactured the tool out of unsuitable material and furnished it to the plaintiff, in an unsafe condition, but simply to say that, in the absence of sufficient evidence to that effect, a ruling upon this particular point of law or a finding of fact upon the other controverted issues is unnecessary.

In order that the plaintiff may not be unduly prejudiced on appeal, I will add that, in so far as I am performing the functions of a jury, I am not finding any issues of fact against the plaintiff. I simply mean to hold that upon the question of whether the chisel was manufactured by the defendant, a fellow servant, or a third party, or was, in fact, defective, were the case being tried by a jury, the defendant would be entitled to a peremptory instruction.

Therefore judgment will be entered for the defendant.