JONES *v.* SOUTHERN UNITED ICE CO.

(Division B. Oct. 30, 1933.)

[150 So. 652. No. 30775.]

**Nate S. Williamson** and **H. R. Stone, Sr.**, both of Meridian, for appellant.

**Dunn & Snow,** of Meridian, for appellee.

Argued orally by **H. R. Stone, Sr.**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Jones, was plaintiff in the court below, and brought suit against the appellee, the Southern United Ice Company, for personal injuries received by appellant while handling ice with ice tongs furnished him by the appellee. The suit was based upon alleged defects in the tongs which caused them to fail to take hold of the ice, and the ice to be dropped upon the appellant and injure him and necessitate expenditure of sums for bills of physicians and for medicine.

The case was tried in the county court, and proceeded for some time before a jury, but afterward it was agreed by counsel that the jury might be discharged and the case be tried by the judge alone. In rendering his opinion, the county judge stated that the ice tongs constituted a simple tool, and that there was no liability against the Southern United Ice Company, because the master was under no duty to furnish safe tools to employees.

The contention of the appellant was that he had shown the ice tongs to the foreman of appellee, stating that they were dull and would not properly take hold of ice, and that the foreman told him the tongs were all right for him to use. The appellant was thirty-nine years of age, and had been working for the appellee for fifty-six days, in a small icehouse where the appellee stored ice, and from which ice was sold to customers; the handling being done with tongs. On the occasion in question, the appellant was handling one hundred pounds of ice. The ice tongs consist of two pieces riveted together, and work on a pivot or rivet, the opposite ends from the handhold being bent and sharpened to a point, so that, by manipulation, the handhold on the tongs can be opened up and

closed with enough force to make the sharp point thereon take hold of the ice and hold it while being taken to vehicles of customers.

The testimony for the appellee showed that the foreman saw no defect in the tongs, and that it was the custom of appellee to require employees to keep their tools in condition themselves. It was also shown in the testimony that ice tongs were in common use, and that many customers of appellee came to the icehouse for ice, and had tongs to convey it to their cars; and that the tongs furnished Jones had been purchased some thirty days before he was employed. These tongs had been used by the employee who preceded Jones, and this employee testified that the tongs, being new, were in a good condition when he turned them over to Jones.

Jones testified that he did not understand how to sharpen the tongs so as to make them effective in taking hold of the ice.

In the brief for the appellant, it is stated: "On this appeal to our supreme court, we desire to raise two questions, First, Do sections 511 and 513 of the Mississippi Code of 1930 abrogate the common law simple tool doctrine? Second, Was the tool in question, a pair of ice tongs, a simple tool?" In discussing the question, he further says: "We fully appreciate the fact that in a discussion of the first question we are faced with several holdings of our court, particularly the case of Wausau Lumber Co. v. Cooley, 130 Miss. 333, 94 So. 228, and Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117, in which our court has held that sections 511 and 513 of our code do not affect the common law doctrine of the simple tool. In these two cases the simple tool question was squarely in issue, and in the latter case it was considered in the light of sections 511 and 513 of our code, and the decision of our court was squarely against our contentions here; but we ask that the court re-examine into these cases, because we feel that the two cases above referred to should be overruled." Counsel then pro-

ceeded in an effort to show that these cases were wrongfully decided and should be overruled.

In Wausau Lbr. Co. v. Cooley, 130 Miss. 333, 94 So. 228, we had the question of the simple tool doctrine before us, and we made quite a thorough examination of the authorities available, and reached the conclusion that the rule that the master must exercise reasonable care to furnish a servant with safe tools was not applicable to such simple tools as an ordinary ax, where the servant possessed ordinary intelligence and could easily understand when defects existed. The official report shows many cases cited and these others were examined and considered by us.

In Bear Creek Mill Co. v. Fountain, 130 Miss. 436, 94 So. 230, we, again, had this question before us, the tool therein involved being a chisel which had been manufactured out of a spring from a box car, by the company's blacksmith, and from which, while in use, a splinter flew off and injured the plaintiff, Fountain; and held that it was controlled by the opinion in the case of Wausau Lbr. Co. v. Cooley, supra.

In Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117, we again had this question before us, and it was considered by the court in banc. The tool there involved was a track wrench, a tool of some length, with an opening at one end which fits over the nut of the bolt for the purpose of tightening or loosening the nut. In the use of this tool by the railroad, it had become worn and sprung, and the injury was occasioned by the wrench slipping, throwing the plaintiff on the rails and injuring him. The cases of Wausau Lbr. Co. v. Cooley, and Bear Creek Mill Co. v. Fountain, both supra, were cited and adhered to. Two of the judges dissented, but, of course, the majority opinion became the law.

We think the holdings in these cases are sound and should be adhered to.

We held in the case of Allen Gravel Co. v. Yarbrough, supra, that the rule of respondeat superior rests upon

the assumption that the employer has a better and more comprehensive knowledge than the employee, and, therefore, ceases to be applicable, where the employee's means of knowledge of the danger to be incurred is equal to that of the employer; and that such is the case where the tool is of such a simple character that a person accustomed to its use cannot fail to appreciate the risks incident thereto, citing the cases of Vanderpool v. Partridge, 79 Neb. 165, 112 N. W. 318, 13 L. R. A. (N. S.) 668, and note.

It is true that the master may, in fact, not know all the complications of the machine which he furnishes for the use of his servants, but the law charges him with this knowledge and with the duty of keeping it in a safe condition, if complex. If it was a simple tool, there would be no reason why he should inspect it. The reason for making the master responsible for defects in tools or appliances for the use for which they are intended is because of some complexity making them difficult to be understocd by ordinary men. A simple tool can be, and usually is, repaired by the servant using it. When defects develop, they can be repaired with little difficulty, involving little skill in mechanical knowledge. We, therefore, approve the rule announced in those cases.

It is next argued that the appliance or tool here involved is not a simple tool, and the case of Parker v. Wood Lumber Company, 98 Miss. 750, 54 So. 252, 40 L. R. A. (N. S.) 832, is relied upon. There a "cant hook," used in a logging operation for the purpose of handling heavy objects, was held not to be a simple tool.

However, the tool in the case at bar is a simple tool. It consists of two pieces of iron riveted together with the lower end bent approximately at right angles and the points sharpened so that they would hold ice, etc., and aid in moving same. It is the simple appliance of the principle of a lever, the rivet constituting the fulcrum, and it is as simple a tool as can be made. It is difficult to see how a man can reach majority or maturity

and not understand how to sharpen such a tool. It is the simplest possible operation, not any more difficult than sharpening an ax or hoe. It may be that a man does not know how to handle or use a simple tool; but the matter is so simple that he is supposed to be able to understand same before he seeks the employment involving its use.

In the case at bar, the employee had been engaged in the use of this tool for fifty-six days; and the proof shows that his father operated a store for years while the appellant, Jones, was a youth, and that he had worked there, and that similar tongs were used therein.

We have reached the conclusion that the judgment was correct, even if the county court judge did base his decision alone upon the simple tool doctrine.

There was conflict in the evidence, however, and the general judgment shows that the judge considered both the law and the facts.

Affirmed.