NYBACK v. CHAMPAGNE LUMBER CO.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1899.)

No. 481.

1. TRIAL—DIRECTION OF VERDICT.
    Where the evidence leaves substantial ground for doubt upon any material question of fact, the doubt should be resolved in favor of the right to a trial by jury, and a peremptory instruction is not justified.

2. MASTER AND SERVANT—ACTION FOR PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
    The fact that an employé, in doing his work, went into a place which was unnecessary to its proper performance, and there stepped into a hole in the floor, and was injured, does not raise a legal presumption of his contributory negligence, where it appears that he was inexperienced, and had not been instructed as to the proper manner of doing the work, nor warned of the presence of the hole; but the question is a proper one for the jury.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

This was an action by a servant against his master for a personal injury alleged to have resulted from the defendant's negligence. A verdict for defendant was directed by the court, and plaintiff brings error.

J. J. Patek and D. B. Nash, for plaintiff in error.

John Van Hecke and Edward M. Smart, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The one question on this record is whether the circuit court erred in directing a verdict for the defendant. The action was brought by John Nyback, the plaintiff in error, to recover damages for a personal injury suffered while at work in a sawmill of the Champagne Lumber Company, the defendant in error, on July 12, 1892. The substance of the declaration is: That on and prior to the date mentioned the defendant owned, at the city of Merrill, Wis., a sawmill, in which, besides other machinery and appliances, there was a slasher, used for the purpose of sawing slabs and edgings. That on the south side of the slasher, and parallel therewith, was a series of short rollers, used for carrying from the main saw of the mill the lumber, edgings, and timber sawed thereon. That at the east end of the slasher, and close to the line of rollers, there was an "unguarded opening" in the floor of the mill. That at and near the slasher the mill was lighted at night with a small electric light suspended at the west end of the slasher at such a height that the shadow of the slasher frame made the opening indistinguishable to a person unacquainted with the mill, although exercising ordinary care. That the premises, machinery, and appliances on and prior to July 12, 1892, "were in the aforesaid unsafe condition," and had been constructed and maintained by the defendant "in such condition." That at that day the plaintiff was 18 years of age, and, having just arrived at Merrill from Russia, and being wholly ignorant of the mode of construction of sawmills and of the location of machinery and appliances used therein, and wholly inexperienced in the work in sawmills, and in the use of machinery of any kind, was employed by the defendant to labor in said mill at nighttime, to begin at 6:45 p. m. of that day, and was directed to load timbers at the east end of the mill on carts, and then to push certain other timbers on and along the rollers by the slasher to the east side of the mill, and there throw them from the rollers, and pile them on the floor of the mill. That he began the work of pushing and conveying timbers on and along the rollers about 8 o'clock in the evening of that day. That the defendant well knew of the location of the rollers, the slasher, and the hole in the floor, and that the hole was unguarded; that while in the performance of his duty the plaintiff was obliged to be in close proximity to the hole; that the location of the opening was insufficiently and improperly lighted; that a person not acquainted with the mill could not, in the exercise of ordinary care, notice the same in the nighttime; and that the

plaintiff was a minor, wholly unacquainted with said sawmill, and inexperienced in the work in sawmills or about machinery,—but, notwithstanding such knowledge, the defendant wholly neglected to inform the plaintiff of the condition or existence or location of the opening or of the dangers of working in the place he was obliged to work in as aforesaid, or of any danger connected with the work or premises, and failed and neglected to inform or caution him as to the place he should occupy while performing, or as to the manner of performing, his duty. That the plaintiff was wholly ignorant of the dangers attending such employment, and of the existence or location of said hole; and that on the day aforesaid, while engaged in an attempt to remove a heavy piece of timber from the rollers to the floor of the mill, without fault or negligence on his own part he unintentionally stepped into said opening, before having seen it, and, falling against the slasher, lost two fingers of his left hand. While it is alleged that the opening in the floor of the mill was unguarded, and that the premises, machinery, and appliances were "in the aforesaid unsafe and dangerous condition," it is not averred that that condition was the result of negligent or faulty construction, and might reasonably have been remedied, or made less dangerous. The negligence charged is a failure properly to light the premises, to instruct the plaintiff where and how to do his work, and to warn him of the dangers incident thereto.

The right of trial by jury is constitutional, and is not to be denied in an action at law where a material question of fact remains in dispute. If there be substantial ground for doubt, the doubt should be resolved in favor of the right. A careful study of the evidence in this record has not enabled us to see clearly that the peremptory instruction was justified. It is not deemed necessary to rehearse the evidence. It leaves room for doubt concerning a number of matters of more or less significance. What was the hour of the evening when the accident happened, how dark was it, what lights above and below the hole were shining, whether the hole was visible, whether the plaintiff had previous knowledge of the hole, whether he knew the proper manner of doing the work in which he was engaged, and how he happened to fall into the opening, are all questions which have been discussed, and upon which it can hardly be said there is no ground for difference of opinion. The plaintiff, in his testimony, gave the following account of the accident:

"After working on the platform, I went up to the slasher, on the south side, near the middle of it. I went to take out the timber piece that was lying there on the rollers. It was 28 to 30 feet long. I started to push it out. I intended to put it on the south side of the rollers. When I started to push I was in front of the rolls, opposite the east end of the slasher, at the point marked 'H' on diagram. Then I started to push the westernmost end north, so as to get the other end off in a southerly direction. I went in between the rolls, and struck a hole, and stepped into it with my right foot. I swung around to get my balance, to catch something. and I caught the saw with my left hand. I didn't know the hole was there. * * * When I started to go in between the rollers I looked all over the floor. I didn't see any hole. If I see it, I wouldn't go in it."

The court's view of the case was expressed as follows:

"I don't think that a verdict could be sustained on this evidence. The prime difficulty with the case is that it doesn't show any substantial neglect on the part of the defendant which caused this accident. It is true that there was a hole there, and that the plaintiff, by some kind of blundering, got into it. The evidence is uniform that there was no necessity for his getting into that hole, and I don't see that there was any more need to caution him against getting into a hole there, four or five feet square, than there was to caution him about getting onto one of those buzz saws in the mill. The danger was open and imminent. It could be seen by anybody, whether they had ever worked in a mill or not. Nobody else had ever got in the hole. He was a young man, and probably green, just from the old country, and wasn't used to the mill; and, if there had been a place that wasn't discoverable by common observation, it would have been the duty of the company to have instructed him, and told him where the hole was. But I think, under all the evidence, that the company had a right to assume that he would have no occasion to stumble into that hole, or go there. That is what the evidence all shows,—that there was no need of his going there, and that his going there was his own carelessness; that he was out of the way, and went there in handling this lumber, where there was no necessity of going. There is no question under the evidence, and his own evidence, but what it was light enough to see the hole to keep out of there. But he was evidently careless, and got in there by his own neglect; and I don't think, if a verdict was given here for the plaintiff, that it could be sustained on the testimony; and it is in as good shape now to try the questions of law as it ever can be."

It is clear enough that there was no necessity for the plaintiff going to the end of the long timber which he was endeavoring to remove from the rollers, and that, if he had taken the proper position, he would not have come near the hole; but if he had not been instructed how to handle the timbers, and did not know or had not been warned of the existence of the hole, it cannot be said, as a conclusion of law, that his going to the end of the timber was an act of carelessness. That he was out of the way in handling the timber, and went where there was no necessity to go, would seem to be beyond dispute; but whether, on that account, he is chargeable with negligence which contributed to his injury, like the question whether the defendant was guilty of negligence which caused the injury, was, we think, a question for the jury.

It is contended, further, that the plaintiff was not a servant of the defendant, but was, at the time of the injury, in the employment of an independent contractor. The question is not without difficulty, both upon the face of the declaration, by reason of averments to which no reference has been made in the statement of the case, and upon the evidence; but the ruling of the circuit court was not based, and the evidence is not deemed clear enough to justify us in upholding it, on that ground. The judgment below is therefore reversed, with direction to grant a new trial.

SHOWALTER, Circuit Judge, did not participate in this decision.