SHADFORD *v.* ANN ARBOR STREET RAILWAY CO.

1. MASTER AND SERVANT—FAULTY TOOL—ASSUMPTION OF RISK.

A lineman in the employ of a street-railway company cannot be said, as a matter of law, to have assumed the risk that a vise, which the company furnished him for drawing up trolley wires upon a curve, might slip and injure him, although the tool was a simple one, where there is evidence that he was inexperienced, and that he undertook its use upon the express assurance of his foreman that it was a suitable tool, and would "hold anything" without slipping.

2. SAME—CONTRIBUTORY NEGLIGENCE.

A lineman in the employ of a street-railway company cannot be said, as a matter of law, to have been guilty of contributory negligence in working on the inside of the curve of a trolley wire held in place at great tension by a vise furnished by the company, precluding his recovery for injuries sustained by reason of the vise's slipping and releasing the wire, where there is evidence that it was necessary for him to work there, and that, had he occupied a place on the outside of the curve, he would, under the circumstances surrounding the accident, have been equally liable to injury.

Error to Washtenaw; Kinne, J. Submitted April 18, 1899. Decided September 19, 1899.

Case by John H. Shadford against the Ann Arbor Street Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Isaac N. Payne* (*O. E. Butterfield*, of counsel), for appellant.

*A. J. Sawyer*, for appellee.

MOORE, J. This case has been here before, and is reported in 111 Mich. 390. A reference to that case will aid in understanding this one, and will make it unnecessary to make so full a statement as would otherwise be

necessary.   Upon the second trial the plaintiff recovered a judgment, from which defendant has appealed.

As to the assignments of error in relation to the admission of evidence, we deem it unnecessary to say more than that we think the assignments are not well taken.

It is claimed by the defendant that the vise of which complaint is made was in general use by railway companies in the same or similar lines of work, and that the proof offered by it established this claim, and the judge should have directed a verdict in its favor.   If this claim was uncontroverted, as was said when the case was here before, that would be a complete defense, but upon this trial the claim was controverted.

It is insisted by the plaintiff that the tool was not a reasonably safe one for this kind of work; that, while it was in general use by electric railways, telephone and telegraph companies for many purposes which did not subject it to much strain, it was not in general use for drawing up trolley wires upon a curve, under the conditions which obtained when the accident happened.   Witnesses were produced whose evidence tended to show the truth of this contention.   Some of them claimed to have been employed upon the same lines of road upon which witnesses for the defense claimed the instrument had been used, and gave testimony contradicting the testimony of defendant's witnesses about the instrument being in use upon those lines.   There were so many of these witnesses, testifying about so many roads, and the testimony was so contradictory, that the question of whether the instrument was in common use in the same or similar lines of work became a controverted question of fact,—a question not competent for the court to decide as a matter of law, but a question of fact very proper to be left to a jury under proper instructions.   *Washington, etc., R. Co.* v. *Mc-Dade,* 135 U. S. 554; *Vinton* v. *Schwab,* 32 Vt. 612.

It is claimed by defendant that the vise was a simple tool, and plaintiff could see as well as any one whether it was a safe one to use or not, and that he could also soon

121 MICH.—15.

learn what were the dangers incident to the stringing of the trolley wire around curves. Counsel say the servant is held by his contract of hiring to assume the risk of injury from the ordinary dangers of the employment; that is to say, from such dangers as are known to him, or discoverable by the exercise of ordinary care on his part. *Hayball* v. *Railway Co.*, 114 Mich. 135; citing Beach, Contrib. Neg. § 370; *Kean* v. *Rolling Mills*, 66 Mich. 277 (11 Am. St. Rep. 492). The rule is too well settled to be longer open to discussion that when a servant enters upon employment which is, from its nature, dangerous, he assumes the usual risks and perils of the service, and this is especially so as to those risks which require only the exercise of ordinary observation to make them apparent. *Louisville, etc., R. Co.* v. *Frawley*, 110 Ind. 18; citing *Atlas Engine Works* v. *Randall*, 100 Ind. 293 (50 Am. Rep. 798); *Pittsburgh, etc., R. Co.* v. *Adams*, 105 Ind. 151. See, also, *Kean* v. *Rolling Mills*, 66 Mich. 277 (11 Am. St. Rep. 492); citing *Davis* v. *Railroad Co.*, 20 Mich. 105; *Michigan Cent. R. Co.* v. *Dolan*, 32 Mich. 510; Cooley, Torts, 542. The rule is undoubtedly as contended for by counsel; but it is the claim of plaintiff that he was not acquainted with the dangers of the employment, and was not familiar with the tools used in work of this character. He claims he was told the vise was a suitable tool for this work, that it would hold anything, and that he relied upon this statement. His counsel says in his brief:

"The danger attending the use of this vise consisted of its treacherous nature. There was nothing to indicate, in its construction, that at some times it would slip and at other times it would not slip when exactly the same strain was applied, and under exactly the same circumstances. * * * For that reason it was an unfit and unsafe instrument for the uses and purposes to which plaintiff was required to put it. There was no telling when it would hold or when it would slip. It was impossible to tell just how much strain it would hold at any time, nor was it possible to tell whether the same amount of strain was

applied at each time. It would either hold or slip, and the only way by which it was possible to learn which it would do, under any given state of facts, was after, and not before, it slipped."

Plaintiff gave testimony tending to prove this claim. He claims that, under such circumstances, he does not come within the purview of the doctrine of "assumption of risks," but had a right to rely upon the statement that the tool so furnished was safe, and would hold anything. The defendant denied the claim that the tool was a dangerous one, and insisted it was reasonably safe for the use to which it was put. It also denied the statements of the plaintiff in relation to the experience he possessed in this kind of work, and in relation to the representations he claimed the foreman made to him as to the safety of the instrument. We do not think it can be said, as a matter of law, that under such circumstances the risks of the business were assumed by the plaintiff, and he cannot recover. If the facts are as claimed by plaintiff, the doctrine of assumption of risks does not apply. The question of fact was a proper one for the jury.

The defendant insists that, as a matter of law, the plaintiff was guilty of contributory negligence when he undertook to do this work from the inside of the curve. It is said he is bound to know the workings of natural laws, and that any person of ordinary intelligence would know there was danger in being on the wrong side of a trolley wire stretched upon a curve, and held in place by the grip of an instrument; and that the court should have directed a verdict upon the ground of contributory negligence,— citing *Kroy* v. *Railroad Co.*, 32 Iowa, 357, *Oil City Fuel Supply Co.* v. *Boundy*, 122 Pa. St. 449, and many other cases. It is the claim of plaintiff that he was not familiar with the fact that to work on the inside of the curve was more dangerous than to work on the outside; that, if the vise held fast to the guy wire, as he was told by the foreman it would do, which statement he believed to be true, it would not be more dangerous to work on the

inside of the curve than on the outside. He asserts that the necessities of the business frequently made it necessary for the men to work on the inside of the curve, for the reason they could not reach the work necessary to be done unless they did so, and that this was done by men of experience. He also says that the tension on the guy wires was very great, causing them, when released by the slipping of the vise, to be thrown back with great force; that, after the accident, the strap and vise were found attached to the trolley wire, and that, if he had been on the outside of the curve, he might have been struck by one of the guy wires, or by the vise and strap, and that no one can say which side of the wire would have been safer. He offered testimony tending to show the truth of his contention. In this situation we think it was proper to allow the jury to say whether plaintiff was guilty of contributory negligence. *Kinney* v. *Folkerts*, 78 Mich. 687, 84 Mich. 616; *Ferren* v. *Railroad Co.*, 143 Mass. 197; *McDonald* v. *Railway Co.*, 41 Minn. 439 (16 Am. St. Rep. 711); *Nyback* v. *Lumber Co.*, 33 C. C. A. 269, 90 Fed. 774.

The trial judge gave a very able and impartial charge, fully instructing the jury as to the law applicable to the case.

We do not think it necessary to discuss the other questions raised by counsel.

Judgment is affirmed.

The other Justices concurred.