### NYBACK v. CHAMPAGNE LUMBER CO.

(Circuit Court, W. D. Wisconsin. March 17, 1903.)

1. NEW TRIAL—GROUNDS—INSTRUCTIONS.

The failure of the court to expressly state to the jury in its charge in an action for a personal injury that the damages recoverable for future pain and suffering must be limited to such as plaintiff is reasonably certain to endure, is not material error, such as to require the granting of a

new trial, where the whole tenor of the instructions calls for such measure of damages, and where the verdict rendered is within the amount clearly recoverable, if there can be any recovery, without considering such element.

**2. SAME—NEWLY DISCOVERED EVIDENCE.**

A new trial will not be granted on the ground of newly discovered evidence, after the case has been tried four times, to enable a party to produce a witness who, although he was accessible and his testimony known to be material, was not produced at either trial, merely because it was not known until after the last trial that his testimony would be favorable to the moving party.

At Law. On motion for new trial.

Julius J. Patek, for plaintiff.
Van Hecke & Smart, for defendant.

SEAMAN, District Judge. The plaintiff was seriously injured more than 10 years ago while employed in the defendant's mill, and this is the fourth trial of his suit to recover damages for alleged negligence on the part of the defendant as the proximate cause thereof. The issues thereupon present no serious conflict in the evidence, and on two writs of error the Circuit Court of Appeals (90 Fed. 774, 33 C. C. A. 269) has held that the issues of negligence were for the jury on the testimony; clearly upholding the sufficiency of the case on the part of plaintiff for submission. As now presented, the substantial facts are unchanged, and it is plain that the verdict cannot be set aside on the alleged ground of insufficiency of the evidence. The rulings of the appellate tribunal thereupon are controlling, whatever view I might otherwise take of the just force of the evidence. So considered, the finding by the jury of liability is not open to question, if no substantial error arose in the submission; and the amount awarded as damages is surely not excessive for the undisputed injuries in any aspect, if liability exists.

Various errors are assigned in the rulings of the court upon the admission and rejection of testimony and in the instructions. Concerning the former I have no doubt of the correctness of the rulings under the circumstances of each instance, and further comment seems unnecessary. Re-examination of the instructions satisfies me that the case was fairly submitted to the jury, with no room for misunderstanding the rights of the defendant in their inquiry. The main contention is that the instruction for assessing damages was erroneous in authorizing recovery for future pain and suffering without expressly limiting it to such as "he is reasonably certain to endure." That recovery must be so limited is undoubted, and, if the defendant's twenty-third request was of that effect, it was overlooked, or it would have been given. But the omission is plainly immaterial for two reasons: (1) That the whole tenor of the instructions clearly called for such measure; and (2) that the amount of the award is so clearly within a reasonable allowance for the maiming and impairment of the hand, without other considerations, that omission to define the allowance for pain is manifestly harmless, if omission there was. Moreover, the testimony of the plaintiff of present pain at times from the injury (if believed by the jury, as they well might believe) after

130 F.—50

the lapse of 10 years would justly infer future pain, and call for no guesswork. I am clearly of opinion that no cause appears for disturbing the verdict upon any error assigned.

The remaining ground to be considered is for newly discovered evidence. It rests on an affidavit of one Odegaard, accompanied by affidavits of counsel, by way of excusing the failure to produce this important witness. That the testimony would be material, if truly stated in the affidavit, may well be conceded. But the failure to produce him at either of the four trials of the case is not excused. It is my understanding that the plaintiff has named this man as the one who acted as interpreter between the plaintiff and the employer on the occasion in question, and it now appears that this fact was known to the defendant; that Odegaard remained in its employ for some time, and in the vicinity long after suit was brought and was interviewed on behalf of defendant; that he has not been called as a witness for the sole reason that he was supposed to be inimical from a disagreement with the superintendent, and had stated that his testimony would hurt the defendant. No effort was made to obtain his presence or testimony for either of the former trials, nor for the instant trial, after the decision of the Circuit Court of Appeals placing stress on the plaintiff's undisputed version of his entry upon the work as a green hand with the defendant so informed. Under the spur of an adverse verdict—surely not unlikely in view of the opinion referred to—Odegaard is speedily found offering another version. If the omission arose through surprise in the testimony, or possibly upon a second trial, it might be excusable, but not under the circumstances now appearing. To set aside the verdict for the purpose of letting in this new version by an available witness, whose knowledge of the facts was known from the outset, would be unjust and an abuse of judicial discretion.

I am of opinion that no substantial error appears, and that the verdict conforms to the decision of the Circuit Court of Appeals. The motion for a new trial is therefore denied, and judgment will enter on the verdict.