LAUREL MILLS *v.* WARD.

[99 So. 11. No. 23644.]

(En Banc. Feb. 18, 1924.)

1. MASTER AND SERVANT. *Stepladder held not a "simple tool," but part of plant to be kept reasonably safe.*

 A stepladder eight feet high provided for use of employee in oiling elevated machinery in a mill plant is not a "simple tool or appliance," but is a part of the plant, a place or way upon which

the employee performs his work, and must be kept reasonably safe by the employer.

2. MASTER AND SERVANT. *Employer knowingly providing dangerous stepladder negligent.*

Where the employer knowingly provides such a defective and dangerous ladder for the servant, he is guilty of negligence and liable for damages for injury resulting therefrom on account of failure to furnish a reasonably safe place.

ETHRIDGE and SYKES, JJ., dissent.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by J. W. Ward against the Laurel Mills. From a judgment for plaintiff, defendant appeals. Affirmed.

*Shannon & Schauber,* for appellant.

Mr. Ward knew long before he got hurt that this ladder was defective, and that it was just a simple appliance, a simple stepladder. All of the testimony agrees upon the proposition that this ladder was a simple ladder, about eight feet high.

The appellant assigns as error the refusal of the lower court to grant it a peremptory instruction. This instruction was based upon the fact that all the testimony showed that the ladder complained of was a simple appliance, and whatever defect, if any, it had, was well known to the plaintiff prior to his injury.

The law with reference to simple tools and appliances is well settled in our opinion, and a careful examination of the law upon this subject convinces us that the master is not under any duty to the servant as to furnishing a safe appliance in the case of such a simple appliance as the one in this case. And since there is no duty, there can be no breach of duty, and therefore no liability. 20 Am. and Eng. Enc. Law, 89; *Miller* v. *Erie R. Co.,* 21 App. Div. 45, 47 N. Y. Supp. 285; *Marsh* v. *Chickering,* 101 N. Y. 396, 5 N. E. 56; *Wachsmuth* v. *Shaw Electric Crane*

*Co.,* 118 Mich. 275, 76 N. W. 487; *Gulf, Colorado & Santa Fe R. R. Co.* v. *A. E. Larkin,* 98 Texas, 225; 1 L. R. A. (N. S.) 948; *Hugh J. Sheridan* v. *Gorham Mfg. Co.,* 66 Atl. 576, 13 L. R. A. (N. S.) 691; *St. Louis & San Francisco R. R. Co.* v. *Frank H. Mayne,* 127 Pac. 474, 42 L. R. A. (N. S.) 646; *Harry Silvey, by next friend,* v. *Nixon Mining Drill Company,* 164 S. W. 772, 51 L. R. A. (N. S.) 339.

" 'The rule of *respondeat superior* rests upon the assumption that the employer has a better and more comprehensive knowledge than the employee, and therefore ceases to be applicable where the employee's means of knowledge of the danger to be incurred is equal to that of the employer. Such is the case where the instrument or tool, the defect in which is the cause of the injury, is of so simple a character that a person accustomed to its use cannot fail to appreciate the risks incident thereto."

Many authorities upon the subject are collected in the case note to 13 L. R. A. (N. S.) 668, *et seq.,* and the case note to *Park* v. *W. C. Wood Lumber Company,* 98 Miss. 750, 54 So. 252, 40 L. R. A. (N. S.) 832, *et seq.,* and 3 Labatt on Master and Servant, 924 (a), and notes. See, also, *McMillan* v. *Minetto Shade Cloth Co.,* 134 App. Div. 28, 117 N. Y. Supp. 1081; *Lynn* v. *Glucose Sugar Ref. Co.,* 128 Iowa, 501, 104 N. W. 577; *Cregan* v. *Marston,* 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854; *Mathis* v. *Stockyards Company,* 185 Mo. 435, 84 S. W. 66; *Post* v. *C. B. & Q. R. Co.,* 121 Mo. App. 562, 97 S. W. 233; *House* v. *So. R. Co.,* 152 N. C. 397, 67 S. E. 981; *Dunn* v. *So. R. Co.,* 151 N. C. 313, 66 S. E. 134; *Wausau Southern Lumber Company* v. *Cooley,* 94 So. 228 and cases cited therein.

In all of the above cases, the question of simple tools and appliances is thoroughly discussed, and these courts have all held that a simple ladder like the one in the case at bar is a simple tool or appliance, and that the master owes no duty to the servant as to furnishing a safe tool or appliance in such case. See, also, *Marsh* v. *Chickering,* 101 N. Y. 396, 5 N. E. 56; *Cahill* v. *Hilton,* 106 N. Y. 512, 13 N. E. 339; *Meador* v. *Lakeshore & M. S. R. Co.,*

138 Ind. 290, 37 N. E. 721; *Nichols* v. *P. M. R. Co.*, 145 Mich. 64, 108 N. W. 1016; *Duncan* v. *Gernert Bros. Lbr. Co.*, 27 Ky. 1039, 87 S. W. 762; *Lundell* v. *Wm. A. Miller Elevator Co.*, 89 Mo. 552, 88 S. W. 103; *Smith* v. *Green Fuel Econ. Co.*, 108 N. Y. Supp. 45, 123 App. Div. 672; *Kelly* v. *National Starch Co.*, 126 N. Y. Supp. 979, 142 App. Div. 286.

*Jeff Collins* and *F. B. Collins,* for appellee.

It is our contention that this stepladder is not such a simple tool within the meaning of the simple tool doctrine, that an ordinary man of ordinary intelligence could discover the defect and improper construction of it upon a casual and ordinary examination. Also, that if this court should decide that it was such a simple tool as would bar recovery under the simple tool doctrine, yet the appellant here was liable on the theory that it was negligent in not furnishing the appellee with a ladder of such a character that he could have done the work with reasonable safety.

This court seems to have passed upon the simple tool doctrine in only two cases in which it wrote an opinion. The case of *Parker* v. *Wood Lumber Company*, 98 Miss. 750, 54 So. 252, holding that a cant hook was not a simple tool, and the case of *Wausau Southern Lumber Company* v. *Cooley*, 94 So. 228, holding that an ax was a simple tool and that the master was not under any duty to the servant as to furnishing a safe tool in the case of such a simple tool as the one in the case then at bar.

If this tool is *not* such a simple tool that an ordinary man of ordinary intelligence could have discovered its defective condition upon an ordinary examination, then it could not be held that he assumed the risk of using said tool when he had full knowledge of its defective condition, because the statute of our state has abolished the rule of assumption of risk, and he would therefore be entitled to recover even though he might have known all about its defective condition.

It can be readily seen from the testimony of the witnesses for both the plaintiff and the defendant that this particular ladder in question was not a tool of such a simple nature that a man of ordinary intelligence could readily discover its defects and dangers accompanying its use as the appellee had to use it.

It depends on the kind and character of the ladder under consideration, and the use to which it is put as to whether or not it should be classified as a simple tool. A common chain might be classified as a simple tool or appliance when used as a trace chain by a plowman in his field, but if taken from there and used as an instrument in gearing machinery in a saw mill, a cotton factory, or other dangerous machinery, in which place we often see chains used, then it would not be held to be a simple tool or appliance.

So in passing upon this question we urge that the court take into consideration the kind of ladder we have in this particular case, and that the court judge as to its classification. In 18 R. C. L., sec. 100, ladders are classified by the author as not being simple tools.

Even though the court might hold that the ladder in question was a simple tool, yet the defendant is liable for failing to furnish plaintiff with a suitable ladder with which to perform this particular duty. The master's duty does not cease when he has furnished tools free from defects, but he owes the servant the further duty to see that it is the kind of tool that is reasonably fit for the very purpose for which it is designated to be used, and if the master fails to exercise reasonable care in this respect, and a servant is injured thereby, he is liable. 18 R. C. L., sec. 93, page 590; *Lake & M. S. R. Co.* v. *Cascaran,* 14 Ohio (C. C.), 377; 13 Am. Dig. (Dec. Ed.), under Master and Servant, sections 101-102, (1) (b)

This ladder under these particular circumstances and use could not be held to be a tool at all, but was merely a place of support for the defendant to work. If we

understand the meaning of a tool, it is that instrument with which a workman performs his work, and not the place or the support upon which he stands in performing work, and we are fully sustained in this contention by the decision in the case of *M. K. & T. Railway Co. of Texas* v. *Steele,* 110 S. W. 171, 175, 50 Tex. Civ. App. 634.

*Wells, Stevens & Jones,* also for appellee.

The ladder in question was not a simple tool, but a way, means, or place of work.   Mr. Webster defines a tool as:

"An instrument of manual operation, as a hammer, saw, plane, file, or the like, used to facilitate mechanical operations, as distinguished from an appliance moved and regulated by machinery."

There might be some plausible ground for calling a light, folding, removable stepladder, used by a painter in his every-day operations, a tool, but it certainly strains the human language to so denominate a home-made step-ladder eight feet high, used exclusively as a place to stand to reach dangerous over head machinery, and oil the same.

In Mississippi the simple tool doctrine cannot be given a liberal interpretation on behalf of the master without overruling the well-considered case of *Parker* v. *W. C. Wood Lumber Company,* 98 Miss. 750, and reported with a case note in 40 L. R. A. (N. S.) 832.   This is the well known cant hook case.   See, also, *Huyck* v. *McNerney,* 50 So. (Ala.) 926; *Grasselli Chemical Company* v. *Davis,* 52 So. (Ala.) 35; *Weblin* v. *Vallard,* L. R. 17, Q. B. Div. 122, 55 L. J. Q. B. (N. S.), 395, 54 L. T. (N. S.), 532; *Sweet* v. *General Electric Company,* 165 App. Div. 935, 149 N. Y. Supp. 609; *Lipstein* v. *Provident Loan Soc.,* 154 App. Div. 732, 139 N. Y. Supp. 799; *Louisville & Nashville Railroad Company* v. *Stewart,* 163 Ky. 164, 173 S. W. 757; *St. L. S. W. Railroad Company* v. *Ewing* (Texas Civil App.), 180 S. W. 300; *San Antonio Brewing Association* v. *Gurlach,* 185 S. W. 316.

We call the court's particular attention to the Wisconsin case of *Pusa* v. *Chennecke Co.,* 158 Wis. 482, 149 N. W. 223, holding that the simple tool doctrine does not apply to an injury caused by a defective stepladder. The court, among other things, said: "Furnishing an employee a stepladder is furnishing him a place whereon to stand. It is a place, or an appliance, not a tool." *Ballard* v. *Cotton Oil Company,* 81 Miss. 507, is an authority supporting our main contention.

The decision in *Allen Gravel Company* v. *Yarbrough,* No. 23239, on the docket of this court, does not stand in our way here. It is not authority for the position that a large, home-made stepladder is a simple tool. Especially when it is used for the one and only purpose of the oiling of complicated machinery. "The common tools doctrine is but an adjunct of the doctrine of the assumption of risk." *Pacific Telephone & Telegraph Company* v. *Starr,* 206 Fed. 157, 46 L. R. A. (N. S.) 1123. We also refer the court to the case of *Pens n* v. *Inland Empire Paper Company,* 73 Wash.; L. R. A. 1915-F 15.

We respectfully submit that the stepladder, as described by the testimony in the case at bar is nothing more or less than a temporary scaffold upon which the servant must stand in doing his work. The simple tool doctrine should not be extended in Mississippi so as to embrace appliances that cannot be clearly designated as simple tools.

The knowledge of the master that the stepladder in question was defective, and the promise of the repairman, or foreman, to correct the defect, or furnish a more suitable appliance, renders the master liable in this case. *Phillip Cary Roofining & Manufacturing Company* v. *Black,* 51 L. R. A. (N. S.) (Tenn.) 340.

In the consideration, therefore, of the perplexing simple-tool doctrine the negligence of the master is apt to be overlooked and overshadowed by the consideration of the servant's negligence in using the defective tool. But

in Mississippi the inquiry is no longer directed to the negligence of the servant because of the positive provisions of our statutes, and the sole inquiry, therefore, is whether the master is guilty of negligence which contributes in whole or in part to the injury complained of. In the case at bar the master had notice, or actual knowledge of the defect and promised to correct the matter.

This brings the case clearly within the rule so well stated in 18 R. C. L., par. 180, and authorities cited in footnote 17. For the general rule, see, also, *Hope* v. *Railroad Co.*, 98 Miss. 829, 54 So. 369, and authorities therein cited. It is interesting to observe that the supreme court of the United States, through Mr. Justice HOLMES, considered the close relation between assumption of risk and contributory negligence, in the case of *Schlemmer* v. *Buffalo R. & P. R. Co.*, 51 L. Ed. 681, in which the court said: "Assumption of risk, in this broad sense obviously shades into negligence as commonly understood."

We respectfully submit that on all questions raised this case should be promptly affirmed.

Argued orally by *A. B. Schauber,* for appellant, and *F. B. Collins* and *J. Morgan Stevens,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment for one thousand dollars in favor of appellee Ward as damages for personal injuries received by him while working in the Laurel Mills, on account of negligence in failing to furnish a safe ladder upon which to perform his duties.

Briefly stated the case is this: Ward was employed in the capacity of a pickerman in the cotton mill of appellant. One of his duties was to oil the hangers, suspending the shafting of one of the machines, which was about thirteen feet above the floor. In order to reach the hangers Ward had to climb upon some object and

pour the oil from his can into a small hole in the hangers which were above the shafting. In order to perform this service it was necessary to use a ladder.

On the occasion when Ward was injured the appellant furnished him with an old defective "homemade" stepladder about eight feet high, upon which to stand in oiling the hangers. The latter was defective in construction in that its base was too narrow or close; it was also defective in that it was "trembly" and the strips nailed on each side of it to hold it together had become loose on account of wear, which made the ladder dangerous to stand upon in oiling the hangers.

The defective and dangerous condition of the ladder was brought to the attention of the appellant, but the appellee was required to work with the ladder so furnished him, the Laurel Mills refusing to furnish a different ladder after many requests for a safe one were made by the appellee.

While Ward was standing on the top of the ladder engaged in the duty of oiling the hangers above him, the ladder gave way and fell to the floor on account of its defective and unsafe condition, causing Ward to fall to the floor, seriously injuring him. There seems to be no real controversy on this appeal with reference to the defective and dangerous condition of the ladder, nor is the amount of the recovery questioned.

The sole question presented for our determination is whether or not the defective and unsafe ladder which caused the injury to Ward was a simple tool, a simple appliance, such as would relieve the master of any liability for the injury caused by its use, on the ground that the master can be guilty of no negligence in furnishing a simple defective tool, or whether the defective ladder was not a simple tool or appliance, but was a part of the mill plant, a part of the place, such as the master is required to keep reasonably safe for his servant.

It is contended by the appellant that it is not liable in this case, because the defective and dangerous ladder

was a simple tool or simple appliance, and there can be no liability for the injury received by the employee in using it. Many decisions of other states are cited to support the view that the stepladder is a simple tool or appliance, and that this court in the cases of *Wausau Southern Lbr. Co.* v. *Cooley,* 130 Miss. 333, 94 So. 228, and *Allen Gravel Co.* v. *Yarbrough* (Miss.), 98 So. 117, announced the simple tool doctrine as the rule in this state, and that therefore the peremptory instruction asked by the defendant in the lower court should have been granted, because the injury here complained of was not caused by the negligence of appellant.

The opposite contention of the appellee is that granting the rule to be, as recently announced in the two cases referred to above, that negligence cannot be charged against the employer for injury received in the use of a simple tool, nevertheless the recovery in this case is right, because the defective and unsafe ladder used was not a simple tool or simple appliance, but was part of the milling plant used by appellee regularly in the performance of his duty of oiling the hangers; that while the ladder was movable, and may not be considered as reaching the proportions of a stationary platform in the ordinary sense, yet it was so connected with the plant in its operation as to be considered a part of the place (that is, a part of the established plant); and that in its use the employee was using a part of the place which the employer was required to keep reasonably safe.

Many decisions of other jurisdictions are cited to support the proposition that a ladder is a part of the plant. For instance, the case of *Huyck* v. *McNerney,* 163 Ala. 244, 50 So. 926, is cited, and in which the court said: "A ladder, used by a master in pursuit of his business as a contractor engaged in the construction of a building, is a part of such contractor's plant."

See 2 Labatt, par. 668 (e) and note; Id. par. 671 (d) and note. Also the case of *Grasselli* v. *Davis,* 166 Ala.

471, 52 So. 35, supports the contention that a ladder is a part of the plant. There are a large number of other cases from the different states announcing the same view. In the Wisconsin case of *Puza* v. *C. Hennecke Co.*, 158 Wis. 482, 149 N. W. 223, the court said that—"Furnishing an employee a stepladder is furnishing him a place whereon to stand. It is a place or an appliance, not a tool."

After a review of the authorities on the subject we have reached the conclusion that the defective and dangerous "homemade" stepladder furnished by the employer in this case was not a simple tool, but was a part of the place; that is, it was a part of the place furnished the employee upon which to work while performing the dangerous duty of oiling the shafting hangers thirteen feet above the floor in the mill. It was an unsafe place or way provided whereon to work, not a simple tool or implement of the hand. *Garrett* v. *Patchin*, 29 Vt. 248, 249, 70 Am. Dec. 414.

But it is argued that the ladder was not a part of the plant because not permanently attached to it. It is true the stepladder could be moved from place to place, yet it was regularly in use at the place where the oiling of the hangers was required each day. It may be said the ladder was used as a movable platform or like instrumentality, furnished by the master upon which the employee would stand while performing his duty. 18 R. C. L., p. 596, section 98.

Platforms and scaffolds are often movable, yet are places which must be kept reasonably safe. It was unsafe and dangerous in its use, which fact was well known to the employer. It was furnished to the servant as a place upon which to work. The place furnished by the master to the servant in or upon which to work must be reasonably safe. Therefore it follows that the recovery in this case was proper under the doctrine of a reasonably safe place in which to work.

The judgment of the lower court is affirmed.

*Affirmed.*

ETHRIDGE, J. (dissenting).

The ladder involved in this suit is one of simple construction, of the movable kind. It was not fixed to the building, nor was it in any sense a fixture. The principle applicable to simple tools is also applicable to simple appliances, and, while a ladder is an appliance rather than a tool, it is frequently classed with tools and referred to as a simple tool.

I do not think that the ladder used as the one in this suit was used can be classed as a place to work, but such movable ladders as the one here involved are almost universally classed as appliances. It has been often held that an ordinary ladder is classed with ordinary hand-tools and that servant using a ladder in the course of his usual employment is chargeable equally with the master with knowledge of its obvious imperfections. The principles announced in *Wausau Southern Lumber Co.* v. *Cooley,* 130 Miss. 333, 94 So. 228, and *Allen Gravel Co.* v. *Yarbrough* (Miss.), 98 So. 117, are applicable to simple appliances.

In *Sheridan* v. *Gorham Mfg. Co.,* 28 R. I. 256, 66 Atl. 576, 13 L. R. A. (N. S.) 691, the court in the course of its opinion quoted from *Cahill* v. *Hilton,* 106 N. Y. 512, 518, 13 N. E. 339, 341, as follows:

" 'A ladder, like a spade or hoe, is an implement of simple structure, presenting no complicated question of power, motion or construction, and intelligible in all of its parts to the dullest intellect. No reason can be perceived why the plaintiff, brought into daily contact with the tools used by him, as he was, should not be held chargeable, equally with the defendants, with knowledge of their imperfections.' "

The court also in the same opinion quotes from *Borden* v. *Daisy Roller Mill Co.,* 98 Wis., 407, 74 N. W. 91, 67 Am. St. Rep. 816, as follows:

" 'A ladder is one of the most simple contrivances in general use. The danger attending such use is a matter of almost common knowledge, and is particularly within the knowledge of men engaged in such work as that in which plaintiff was employed when injured. . . . There was no question in the case as to plaintiff's being an experienced workman in the use of ladders on floors in mills; no dispute but that he had as good an opportunity as defendant for knowing of the defects in the ladder, if any existed, and all the probable consequences that might follow; no dispute but that he might, by an instant's inspection of the ladder, have found out its exact condition.' "

See, also, *St. Louis & S. F. R. Co.* v. *Mayne,* 36 Okl. 48, 127 Pac. 474, 42 L. R. A. (N. S.) 646; *Gulf, C. & S. F. R. Co.* v. *Larkin,* 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944; *Sivley* v. *Nixon Mining Drill Co.,* 128 Tenn. 675, 164 S. W. 772, 51 L. R. A. (N. S.) 339, and the authorities cited in the above cases, and also the authorities cited in *Wausau Lumber Co.* v. *Cooley,* 130 Miss. 333, 94 So. 228.

I am authorized to say that Judge SYKES concurs in these views.