MITCHELL *v.* BROOKS *et al.*

(Division B. April 24, 1933.)

[147 So. 660. No. 30594.]

**W. B. Alexander, Jr.**, of Cleveland, and **C. C. Pace,** of Pace, for appellant.

Jno. **T. Smith**, of Cleveland, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Hollis Mitchell, plaintiff in the court

below, brought suit against the appellees, Brooks & McPheeters, a partnership, for personal injuries, alleging, in the first count, that the appellees are now, and were for some years prior to the injuries, authorized dealers in Ford automobiles in Cleveland and Rosedale, Mississippi, and operated a repair shop and garage in connection therewith, and that appellant was, for about six years prior to the injuries, employed by the appellees; and on or about November 6, 1931, while so employed as a mechanic in the shop of said partnership, acting under orders of the shop foreman, he was required to examine the condition of an automobile and make a list of the parts needed to repair same, and that in cleansing parts of the automobile, washing off grease, etc., he was to be furnished with an electric light incased in a steel mesh frame and with high-grade gasoline in a light, thin tin pan, and a small paint brush with metal edges, and the electric light was usually equipped with a hook on the top of the frame inclosing it, so as to securely hook the light onto some convenient place to provide light for the work the appellant was engaged in; but that on this occasion the hook had been broken off the light, and this defective equipment so furnished the appellant, was an unsafe and dangerous appliance; that, by reason of said defective appliance, the light bulb and frame fell off the dashboard of the car where it had been fastened, and fell on the battery of said car, causing a short circuit and some sparks of electricity or fire fell into the pan of gasoline appellant was using, and ignited or exploded the gasoline, and severely burned the appellant. He further alleged that it was the duty of said partnership to furnish him a reasonably safe place in which to work and with reasonably safe and suitable appliances to do the work for which he was employed, and that said light, with said defect, was not a safe appliance. Appellant set forth the nature, character, and extent of his injuries, and prayed for damages in the sum of twenty-five thousand five hundred sixty-seven dollars and seventy cents.

In the second count the appellant alleged it was the duty of the appellees to see that the appellant was not subjected to the danger of explosions from using high grade gasoline, which was highly inflammable and explosive; and that in first-class garages there is provided a vat filled with boiling water mixed with some chemical into which the parts of automobiles are lowered on a hoist. and cleared with absolute safety, and that common kerosene or coal oil, if provided, would have insured safety; but that the appellees failed and refused to perform their duty in this regard, although they well knew that gasoline was being so used, and provided nothing else for this work, although other explosions had occurred in the same place.

A demurrer was interposed to the declaration, which was sustained by the court below.

The question for consideration under the first count of the declaration is whether or not the electric light described in the declaration, when so used, is a simple appliance within the meaning of the law on that subject. The court below was of the opinion that it is, and we concur in the conclusion of that court.

A light of the character described in the pleadings could have been easily repaired by any one by the use of a small wire attached around the framework inclosing the light, so as to fasten it to some part of the car being repaired. Any person of ordinary intelligence could have easily so adjusted this light as to make it perfectly safe. It is difficult to conceive of a simpler appliance than the one described in the declaration.

We do not deem it necessary to elaborate upon the simple tool or appliance doctrine, as we have, in previous cases, fully discussed this question. See Wausau Southern Lbr. Co. v. Cooley, 130 Miss. 333, 94 So. 228, and the great number of authorities there cited; Bear Creek Mill Co. v. Fountain, 130 Miss. 436, 94 So. 230; Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117; Mis-

sissippi Central R. Co. v. Bennett, 111 Miss. 163, 71 So. 310; and Gulf, M. & N. R. Co. v. Brown, 143 Miss. 890, 108 So. 503.

We do not think there are sufficient facts alleged to constitute a cause of action. It may be true that first-class garages and repair shops have superior equipment; but it is not dangerous to use the equipment described, it being in general use throughout the state. It is not alleged that the method used was not commonly used by those engaged in the same line of business. The fact is that, perhaps, nine-tenths of the repair shops or garages use the same or similar methods as those used in the case at bar.

A person or corporation is not required to use the latest and safest appliances and equipment. All that is required of such is to furnish a reasonably safe place and reasonably safe appliances, equipment, tools, etc.

The appellant was thoroughly familiar with the risks of his employment and assumed voluntarily such risks. The accident was due to his failure to act prudently in securing the light so that it would not fall and cause ignition. As stated, this could have done with an ordinary degree of care on his part.

We think the court below was correct in sustaining the demurrer, and the judgment will be affirmed.

Affirmed.