LETNEY, et al. *v.* MILLER, EXECUTRIX, ETC.

No. 39981       March 26, 1956       86 So. 2d 458

*Prewitt & Bullard,* Vicksburg, for appellants.

W. J. *Vollor*, Vicksburg, for appellee.

ARRINGTON, J.

The surviving widow and children of Andrew Jack Letney brought suit against G. W. Miller to recover damages for his alleged wrongful death. Prior to the trial, G. W. Miller died, and the case was revived against Earle G. Miller, executrix of his estate.

The court, at the close of plaintiff's evidence, sustained a motion of the defendant to exclude the evidence of the plaintiff and to direct a verdict for the defendant. From this judgment plaintiffs appeal.

The deceased, Andrew Jack Letney, was employed by G. W. Miller to paint the exterior of a building owned by Miller. Miller furnished the ladder, paint, brushes, and a man to hold the ladder while the deceased was painting. The evidence shows that the ladder was in two sections, and is commonly called an extension ladder. According to the testimony of Willie London, who was holding the ladder, when the deceased stepped from the new part of the extension ladder to the old part, the ladder broke and caused the deceased to fall, and from which he received injuries which resulted in his death two days later. The record does not disclose the length of the extension ladder or the height at which deceased was painting at the time he fell. The court, in ruling on the motion for a directed verdict, stated: "The court being of the opinion that the tool here used, in question, was a simple tool. That the defendant had no notice of any defect in same. In addition to that, that the decedent was notified by his wife: not to go back up on

that old rotten ladder. And I think for those reasons his action cannot be successfully maintained."

In the case of Parker v. Wood Lumber Company, 98 Miss. 750, 54 So. 254, this Court held that a canthook did not come within the simple tool doctrine, and in Laurel Mills v. Ward, 134 Miss. 447, 99 So. 11, it was held that a "homemade" stepladder about eight feet in height furnished an employee was not a simple tool, but a part of the place furnished for the employee to perform his work. In Gulf, Mobile & O. RR. Co. v. Graham, 151 Miss. 351, 117 So 881, the Court held that a "trackjack", used in railroad construction work, was not a simple tool. In Jones v. Southern United Ice Company, 167 Miss. 886, 150 So. 652, the Court held defective ice tongs simple tool. In Middleton v. Faulkner, et al, 180 Miss. 737, 178 So. 583, the Court gives a history of simple tool, citing the Mississippi decisions.

■■ ■ We are of the opinion that the extension ladder, under the facts and circumstances of this case, does not come within the simple tool doctrine. ■■ ■ Accepting as true the plaintiff's evidence, together with all reasonable inferences deduced therefrom, it was error to grant the peremptory instruction. The questions of negligence and contributory negligence were questions for the jury. ■■■ It follows that since the simple tool doctrine has no application, it was the duty of the master to exercise reasonable care to furnish the servant a reasonably safe place to work and reasonably safe appliances and instrumentalities.

Reversed and remanded.

*McGehee, C.J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.